**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BRIAN R. VAUGHAN, individually and )
on behalf of all others similarly situated, )
                                       )
           Plaintiff, )
                                       )
           v. )           No. 1:20 CV 04241
                                       )           Hon. Marvin E. Aspen
BIOMAT USA, INC. and TALECRIS )
PLASMA RESOURCES, INC., )
                                       )
                                       )
           Defendants. )

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge:

Defendants Biomat USA, Inc. and Talecris Plasma Resources, Inc. filed a motion to stay

these proceedings, pending the Appellate Court of Illinois, First District's decision in *Tims v.*

*Black Horse Carriers, Inc.*, Case No. 1-20-0563 (1st Dist.).  (Dkt. No. 14.)  For the reasons set

forth below, we grant the motion.  The parties are hereby directed to file a status report as soon

as the Appellate Court of Illinois, First District ("Illinois Appellate Court") issues its ruling in

*Tims*.

**BACKGROUND**

On June 10, 2020, Plaintiff Brian R. Vaughan filed a putative Class Action Complaint

(Dkt. No. 1, Ex. A) ("Complaint" or "Cmplt.") against Defendants in the Circuit Court of Cook

County, Illinois, alleging that Defendants violated the Illinois Biometric Information Privacy Act

("BIPA"), 740 ILCS 14/1, *et seq.*  Plaintiff's theory is that Defendants use finger-scanning

devices to track donors without (i) providing a publicly available policy concerning the retention

and destruction of biometric information, or (ii) making certain disclosures and obtaining written

releases.  (*See* Cmplt. ¶¶ 47, 77–78.)  Defendants removed the action to federal court on July 17,

2020, for diversity jurisdiction under 28 U.S.C. § 1332.  (Dkt. No. 1.)  Defendants then requested

and were granted an extension to August 24, 2020, to answer or otherwise plead to the

Complaint.  (Dkt. No. 11.)  On August 24, 2020, Defendants filed the instant motion.  (Dkt. No.

14.)

Defendants have not yet filed a responsive pleading, but in their motion to stay, they state

that they "intend to move to dismiss Plaintiff's claims, including because they are untimely

under the one-year statute of limitations set forth in 735 ILCS 15/13-201."  (Dkt. No. 14 at 2.)

## LEGAL STANDARD

The Court "has inherent power to exercise its discretion to stay proceedings to avoid

unnecessary litigation of the same issues."  *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir.

2019) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  In evaluating whether

to grant a motion to stay, courts consider: "(i) whether a stay will unduly prejudice or tactically

disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and

streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and

on the court."  *Obrzut, et al. v. LVNV Funding, LLC, et al.*, No. 19-cv-01780, 2020 WL 3055958,

at *1 (N.D. Ill. June 8, 2020) (internal citations and quotations omitted).  "The proponent of a

stay bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## ANALYSIS

Defendants argue that we should stay this case because the Illinois Appellate Court's

ruling in *Tims* will clarify the unsettled legal question of which statute of limitations applies to

BIPA claims.  (Dkt. No. 14 at 4.)  That issue is of significance here because, to the extent that a

one-year statute of limitations applies rather than a five-year period, Plaintiff's case may warrant

dismissal. (*Id*.) Defendants assert that we will "promote efficiency and preserve resources" by staying these proceedings pending a decision in *Tims*. (*Id*.) We agree.

"Federal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law." *McCoy v. Iberdrola Renewables, Inc., et al.*, 760 F.3d 674, 684 (7th Cir. 2014). In this case, Plaintiff's claims arise under Illinois law. (Cmplt. ¶¶ 66–93.) The Supreme Court of Illinois has not yet weighed in on the applicable statute of limitations for BIPA claims, so the Illinois Appellate Court's decision in *Tims* would likely be binding here. *See Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently."). And, as noted above, the Illinois Appellate Court's forthcoming decision as to the applicable statute of limitations might be dispositive. It makes little sense for the parties or the court to expend time and resources litigating dispositive issues where appellate guidance is forthcoming. *See Burnett v. Ocwen Loan Servicing,* LLC, No. 17-C-3474, 2017 WL 5171226, at *2 (N.D. Ill. Nov. 8, 2017) (staying litigation where an appellate court decision would "simplify legal issues…and reduce the burden of litigation on the parties and the court"); *see also Treadwell v. Power Solutions Int'l, Inc.*, Case No. 18-CV-8212 (N.D. Ill. April 1, 2020) (granting a stay where an issue presented in the defendant's motion to dismiss was identical to an issue before the Illinois Appellate Court); *Conrad v. Boiron, Inc., et al.*, No. 13-C-7903, 2014 WL 2937021, at *3 (N.D. Ill. June 30, 2014) (staying litigation where a Ninth Circuit Court of Appeals ruling might "provide some guidance regarding the present claims here").

Moreover, it is our understanding that the state of limitations issue has already been, or will soon be, fully briefed before the Illinois Appellate Court. (Dkt. No. 22 at 1–2.) Thus, we anticipate that a stay would be limited; and therefore, would unlikely prejudice a party. *See Conrad*, 2014 WL 2937021, at *3 (observing that a stay would "not unduly prejudice plaintiff" where it would only be in place until the Ninth Circuit issued its decision, and the Ninth Circuit case had already been fully briefed).

Plaintiff raises several arguments in opposition to the stay. First, Plaintiff points out that numerous courts have already rejected Defendants' position that the statute of limitations for BIPA should be one year instead of five years. (Dkt. No 18 at 4–5.) According to Plaintiff, the Illinois Appellate Court is unlikely to change course. (*Id*.) Thus, Plaintiff contends that there is little purpose in delaying this litigation pending the Illinois Appellate Court's ruling. (*Id*.) While it is true that several courts have rejected Defendants' position that a one-year statute of limitations applies to BIPA claims, it is possible that the Illinois Appellate Court might disagree, and that decision, rather than decisions entered by other courts, would likely control here.[1] *See Nationwide Agribusiness*, 810 F.3d at 450. Thus, notwithstanding the circuit court decisions cited by Plaintiff, it would be prudent to postpone further briefing until after the Illinois Appellate Court has issued its decision.

Plaintiff's related argument is that the forthcoming *Tims* decision will not simplify or streamline the issues in the case because it will not address certain other issues in this case. (*See* Dkt. No. 18 at 6–7.) This does not change our conclusion because an appeals court need not provide determinative guidance as to all issues for us to conclude that a stay is appropriate. *See,*

---

[1] At present, there is no reason for us to conclude that the Illinois Supreme Court would disagree with the Illinois Appellate Court's decision, particularly since the Illinois Appellate Court has not yet issued its opinion.

*e.g., Conrad*, 2014 WL 2937021, at *3 (staying litigation where an appellate court ruling would not be dispositive but might still provide guidance as to certain issues).

Plaintiff also argues that Defendants should have filed a responsive pleading before filing the motion to stay. (Dkt. No. 18 at 3–4.) According to Plaintiffs, "[s]taying the case without a responsive pleading leaves open the potential for perpetual motions to stay." (*Id.*) We disagree. In their motion to stay, Defendants stated that they intend to dismiss the Complaint on statute of limitations grounds and described their rationale for doing so. (Dkt. No. 14 at 2–4.) We see little value in asking them to elaborate upon their position in a motion to dismiss, or in asking Plaintiff to respond to such a motion, when the arguments raised by the parties might change in response to the Illinois Appellate Court's anticipated decision in *Tims*. Furthermore, Defendants have only requested a stay until the Illinois Appellate Court decides *Tims* (Dkt. No. 14 at 4–5); thus, a concern about "perpetual motions to stay" is an unwarranted hypothetical.

Finally, Plaintiff argues that "[t]he risk of damage and prejudice to Plaintiff is too great" because "Defendants are in possession of a huge amount of sensitive data" that "they continue to store and potentially use…in violation of BIPA to this day." (Dkt. No. 18 at 7–8.) We are mindful of the harms associated with the retention and potential misuse of sensitive data; however, we think that a stay will cause minimal, if any, additional harm to Plaintiff in this case, given the limited nature of the stay. Moreover, the alleged harms that Plaintiff will suffer if a stay is granted are both vague and speculative. Plaintiff asserts that Defendants are "potentially" using sensitive data in violation of BIPA and that a stay "*could* result in Defendants' continued violation of BIPA." (Dkt No. 18 at 8) (emphasis added). When presented with arguments like these, courts have concluded that stays are still appropriate considering countervailing interests

5

weighing in favor of a stay. *See, e.g., Treadwell*, Case No. 18-CV-8212. We see no reason to depart from that precedent here.

Plaintiff's concerns do not justify denying Defendants' request for a stay, taking into account the economies to be gained from staying this litigation. *See id.* (concluding that plaintiff's concerns did not justify denying a request for a stay, "especially when weighed against the time and expense the parties will expend in litigating his claims").

**CONCLUSION**

For the reasons set forth above, we stay these proceedings pending the Illinois Appellate Court's decision in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-20-0563 (1st Dist.). The parties are directed to file a status report as soon as the Illinois Appellate Court for the First Judicial District issues its ruling in *Tims*.

_____
Marvin E. Aspen

Honorable Marvin E. Aspen
United States District Judge

Dated: October 23, 2020
       Chicago, Illinois