UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN R. VAUGHAN and JASON DARNELL, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| ) | Case No. 20-cv-04241 |
| v. ) ) | |
| BIOMAT USA, INC., TALECRIS PLASMA RESOURCES, INC., and INTERSTATE BLOOD BANK, INC., ) ) ) ) | Judge Marvin E. Aspen |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

This putative class action concerns the alleged unlawful collection and retention of biometric data. Plaintiffs Brian R. Vaughan and Jason Darnell claim that Defendants Biomat USA, Inc. ("Biomat"), Talecris Plasma Resources, Inc. ("Talecris"), and Interstate Blood Bank, Inc. ("Interstate Blood Bank") violated Illinois's Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq.*, when they "captured, collected, received through trade, and/or otherwise obtained" Plaintiffs' biometric data without providing appropriate disclosures or obtaining Plaintiffs' written consent to do so, and then failed to destroy the data as required. (Amended Class Action Complaint ("Am. Compl.") (Dkt. No. 33) ¶¶ 16–18, 20, 22.)[1] Defendants have moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Defendants'

---

[1] For ECF filings, we cite to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion") (Dkt. No. 53).) For the reasons set forth below, we grant the Motion.

## BACKGROUND

We take the following facts from the Amended Class Action Complaint and accept them as true for the purpose of deciding Defendants' Motion. *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 621 (7th Cir. 2020); *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

Defendants operate plasma donation centers in Illinois. (Am. Compl. ¶¶ 3, 4.) Plaintiffs assert that they donated plasma at "one of the Defendants' Illinois-based plasma donation centers within this District," though they do not specify which center they visited or when they donated. (*See id*. ¶ 24.) "Each time that Plaintiffs donated plasma, they were required to scan their fingerprint using [a] biometric device." (*Id*. ¶ 28.) Defendants used this information to generate a biometric template for Plaintiffs, which was then stored in a database and used to track Plaintiffs' plasma donations. (*Id*. ¶¶ 25–27.) Defendants never notified Plaintiffs of the specific purposes or length of time for which they were collecting, storing, or using Plaintiffs' biometric data. (*Id*. ¶ 29.) Nor did Defendants provide Plaintiffs with their biometric data retention policies. (*Id*. ¶ 30.) Further, Plaintiffs never signed a written release allowing Defendants to "collect, capture, store, or otherwise obtain their fingerprint print(s), handprint, hand geometry, or other biometrics." (*Id*. ¶ 31.) As a result of Defendants' conduct, Plaintiffs have been exposed to "serious and irreversible privacy risks" and have been deprived of certain information to which they are entitled. (*Id*. ¶¶ 10, 34.)

## PROCEDURAL HISTORY

Vaughan sued Biomat and Talecris in the Circuit Court of Cook County, Illinois, alleging that they violated Sections 15(a) and (b) of BIPA. (*See generally* Class Action Complaint

("Compl.") (Dkt. No. 1-1).) After Biomat and Talecris removed Vaughan's suit to this Court based on the Class Action Fairness Act, 28 U.S.C. § 1332(d), Vaughan amended the complaint to add Darnell as a plaintiff and Interstate Blood Bank as a defendant. (*See* Dkt. No. 1 ¶ 8; Dkt. No. 31 ¶ 3; Am. Compl.) In the Amended Complaint, Vaughan and Darnell seek to represent themselves and "[a]ll persons who were enrolled in the biometric system used by Defendants in Illinois for plasma donors while donating plasma to Defendants from five years preceding the filing of this action to the date a class notice is mailed in this action." (Am. Compl. ¶ 66.) They seek liquidated damages for negligent and reckless violations of BIPA, attorneys' fees and costs, and injunctive relief. (*See id*. at 16–19.)

## STANDARD OF LAW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint—not the merits of a case. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Courts considering such motions "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks sufficient facts "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A facially plausible complaint need not contain "detailed factual allegations," but it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

3

suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. These requirements ensure that a defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (internal quotation marks and citations omitted).

## ANALYSIS

Defendants challenge Plaintiffs' Amended Complaint in several respects. (*See* Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Amended Complaint ("Memo") (Dkt. No. 54) at 5–6, 8–21.) Because we agree with Defendants that the Amended Complaint engages in impermissible group pleading, we dismiss the Amended Complaint on that basis only.

Defendants argue that Plaintiffs failed to sufficiently plead a violation by each Defendant because they do not plead specific facts as to each Defendant, such as "which plasma donation center(s) [Plaintiffs] visited, which Defendant operated the facilit(ies) where they donated, or the dates of any of their donations." (Memo at 19.) Plaintiffs disagree because "[l]iability in this case is not predicated upon which Defendant purchased the plasma," but rather, "which committed a BIPA violation," and they have alleged that Defendants obtained, used, and stored their biometric data. (Opposition at 25–26.) Plaintiffs further believe discovery will show that Defendants operate as part of a common network and that Defendants are on notice of Plaintiffs' claims. (*Id.*)

"Liability is personal." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). When a complaint names more than one defendant, "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." *Id*. "Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster under Rule 8 of the Federal Rules of Civil Procedure, a claim to relief must include such particulars." *Atkins v. Hasan*, No. 15 CV 203, 2015 WL 3862724, at *2 (N.D. Ill. June 22, 2015).

4

The Amended Complaint here does not include these particulars. It contains only two defendant-specific paragraphs, which provide rudimentary information about each Defendant's operations and where each Defendant is incorporated. (*See* Am. Compl. ¶ 3 ("Defendants Biomat and Talecris are Delaware corporations with multiple business locations in Illinois where they contract with people to purchase their plasma."), ¶ 4 ("Defendant Interstate Blood Bank is a Tennessee corporation with multiple business locations in Illinois where it contracts with people to purchase their plasma. Interstate Bloo[d] Bank also operates under the name Plasma Biological Services, LLC ("PBS"). PBS merged into Interstate Blood Bank in 2019.").) Otherwise, the Amended Complaint simply lumps Defendants together, alleging that all three of them performed the same actions. (*See, e.g.*, *id*. ¶¶ 25–27.) Nor is it clear from the Amended Complaint how Defendants are related in a way that would be relevant here. Although Plaintiffs allege that all Defendants are "part of the Grifols network of blood plasma donation" and that "Grifols operates in Illinois" under Defendants' names (*id*. ¶ 5), they do not allege facts indicating why each Defendant's connection to Grifols is significant in this case.

Plaintiffs are not expected to detail all aspects of their case at the pleading stage, but there are certain factual allegations that they should be able to make that notify each Defendant of the scope of its potential liability. In this case, such allegations include, but are not limited to, which plasma donation center(s) Plaintiffs visited and which Defendant operated the center(s) where Plaintiffs donated. If a Defendant was not involved in that process, Plaintiffs must allege other facts plausibly showing that Defendant's liability for Plaintiffs' injuries.

The cases cited in Plaintiffs' Opposition do not convince us otherwise. (*See* Opposition at 25–26.) The courts in *Wordlaw v. Enterprise Leasing Co. of Chicago, LLC*, No. 20 CV 3200, 2020 WL 7490414, at *3 (N.D. Ill. Dec. 21, 2020), and *Cunningham v. Foresters Financial*

5

*Services, Inc.*, 300 F. Supp. 3d 1004, 1016 (N.D. Ind. Jan. 9, 2018), allowed plaintiffs to pursue claims against multiple defendants where plaintiffs stated facts connecting defendants to the alleged harm but did not fully flesh out the relationships between defendants. In both cases, however, the plaintiffs could not reasonably be expected to provide the missing information without the benefit of discovery. *See Wordlaw*, 2020 WL 7490414, at *3; *Cunningham*, 300 F. Supp. 3d at 1016.

In *Wordlaw*, the plaintiff alleged that the Enterprise car-rental facility where she worked used a timekeeping system that violated BIPA. 2020 WL 7490414, at *1, *3. She named two Enterprise entities as defendants, alleging sufficient facts to suggest that they jointly operated the facility. *Id*. However, she did not know which of the corporate entities installed and controlled the timekeeping system at issue. *Id*. at *3. The court concluded that plaintiff had pleaded sufficient facts to put the defendants on notice of their wrongdoing. *Id*. The plaintiff could further develop her contentions in discovery. *Id*.

In *Cunningham*, the plaintiff alleged that two corporate defendants were engaged in a scheme to market their insurance products. 300 F. Supp. 3d at 1009. Their co-defendants allegedly made autodialed and prerecorded message calls on the corporate defendants' behalf. *Id*. at 1010. The plaintiff set forth facts suggesting that calls were made on the corporate defendants' behalf but could not articulate certain information about the relationship between the corporate defendants and others who had been named as defendants. *Id*. at 1015–16. Given the nature of the case, the court concluded that the plaintiff "[could not] reasonably be expected to know such information" at the pleading stage. *Id*. at 1016.

By contrast, Plaintiffs in this case failed to plead facts that they know or can reasonably be expected to know without the benefit of discovery. For instance, Plaintiffs should be able to

articulate where their biometric data was collected. They should also be able set forth the relationship between Biomat, Talecris, and Interstate Blood Bank in at least general terms because Plaintiffs made the decision to sue these entities in the same suit. Because the Amended Complaint does not contain basic pieces of information connecting each Defendant to the claims at issue, it must be dismissed. *See Chamberlain Grp., Inc. v. Techtronic Indus. N. Am., Inc.*, No. 16 CV 06113, 2017 WL 4269005, at *3 (N.D. Ill. Sept. 26, 2017) (dismissing claims against corporate defendants where the "complaint tells us nothing about the individual actions of, or the relationships between, the various TTI defendants").

## CONCLUSION

For the reasons set forth above, we grant Defendants' Motion. (Dkt. No. 53.) Plaintiffs shall have until May 19, 2022, to file a second amended complaint curing the deficiencies identified in this opinion if they can do so in compliance with Federal Rule of Civil Procedure 11. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: April 28, 2022

7