**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN R. VAUGHAN, JASON DARNELL, FEBBIE MINNIEFIELD, and ADRIEL VEGA, individually and on behalf of all others similarly situated, <br><br>　　　　　　　　　Plaintiffs, <br>　　v. <br><br>BIOMAT USA, INC., TALECRIS PLASMA RESOURCES, INC., and INTERSTATE BLOOD BANK, INC., <br><br>　　　　　　　　　Defendants. | Case No.: 20-cv-04241 <br><br> Hon. Marvin E. Aspen <br><br> Mag. Judge Jeffrey Cole |

## THE PARTIES' JOINT MOTION TO STAY PROCEEDINGS

Plaintiffs Brian R. Vaughan, Jason Darnell, Febbie Minniefield and Adriel Vega (together, "Plaintiffs"), and Defendants Biomat USA, Inc., Talecris Plasma Resources, Inc. and Interstate Blood Bank, Inc. (together, "Defendants," and together with Plaintiffs, the "Parties"), by their undersigned counsel and pursuant to the Court's inherent authority and Fed. R. Civ. P. 26(c), move to stay discovery and all other proceedings in this matter with the exception of proceedings relating to the Parties' class action settlement. In support of their Motion, the Parties state as follows:

1. This is a putative class action case alleging violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. The case is currently in discovery. Pursuant to the Court's December 8, 2022 Minute Entry, all fact discovery is to close on July 31, 2023. (ECF No. 97). The remaining schedule set by the Court is (i) a joint status report is due by July 28, 2023, and (ii) a status hearing is set for August 17, 2023. (ECF No. 96 (Dec. 5, 2022 Minute Entry)).

2. Since the Court entered the discovery schedule, the Parties have agreed to settle this matter in its entirety on a class-wide basis and to submit the proposed settlement agreement

and an associated motion for preliminary approval to the Court shortly. The Parties have already executed a detailed settlement term sheet and Plaintiffs' counsel is currently preparing a draft of the comprehensive settlement agreement.

3. In light of the settlement, the Parties request to stay proceedings, including all discovery, except with respect to proceedings relating to the settlement. They do so because efforts expended on matters other than the settlement will quite likely be unnecessary and wasteful, both for the Parties and for the Court. At the same time, the Parties wish to respect that the Court did set a discovery schedule and realize there is at least a chance that the settlement will not ultimately become final and discovery could resume. Thus, they jointly request that the Court stay this matter, except with respect to settlement proceedings, as such a stay will further judicial economy by not requiring likely needless discovery while also not ignoring that the Court has set deadlines.

4. It is well-established that a district court has the inherent power to stay proceedings and broad discretion in doing so. *Clinton v. Jones*, 520 U.S. 681, 707 (1997). That discretion is guided by "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Obrzut v. LVNV Funding, LLC*, No. 19-cv-01780, 2020 U.S. Dist. LEXIS 100170, at *3 (N.D. Ill. June 8, 2020).

5. Further, the Court has broad discretion in overseeing discovery and may grant a stay of discovery when it will secure the efficient resolution of the action. *See Coss v. Playtex Prods., LLC*, No. 08 C 50222, 2009 U.S. Dist. LEXIS 42933, at *3 (N.D. Ill. May 21, 2009). A stay is also appropriate when it will "reduce the burden of litigation on the parties and on the court." *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012); *see also Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993) ("[T]he Court will grant a motion to stay

discovery pursuant to Rule 26(c) in order to secure the just, *speedy* and *inexpensive* determination of every action." (internal quotation marks omitted) (emphasis in original)).

6. Here, the Parties assert that the stay they request will prevent prejudice and reduce the burden and expense of the litigation on the parties and Court by ensuring that work that would ultimately be unnecessary in light of the settlement is not needlessly, and wastefully, performed. Further, the stay, and the case itself, will not remain pending for needlessly long. The Parties are drafting a settlement agreement and will continue to work on the settlement in good faith.

WHEREFORE, for the foregoing reasons, the Parties respectfully request that the Court enter an order staying this matter in its entirety except with respect to proceedings relating to the Parties' settlement of the matter and related proceedings.

Dated: January 12, 2023           Respectfully submitted,

**BRIAN R. VAUGHAN, JASON DARNELL, FEBBIE MINNIEFIELD, and ADRIEL VEGA**

**BIOMAT USA, INC., TALECRIS PLASMA RESOURCES, INC., and INTERSTATE BLOOD BANK, INC.**

/s/ David A. Fish
David A. Fish
Mara Baltabols
Fish Potter Bolaños, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
(630) 355-7590
dfish@fishlawfirm.com
mara@fishlawfirm.com

/s/ Jason A. Selvey
Jason A. Selvey
Julia S. Wolf
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illlinois 60601
Tel.: 312.787.4949
Jason.Selvey@jacksonlewis.com
Julia.Wolf@jacksonlewis.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Jason A. Selvey, an attorney, certify that on January 12, 2023, I caused a true and correct copy of the attached *The Parties' Joint Motion to Stay Proceedings* to be served on all counsel of record by filing with the Court's CM/ECF filing system.

/s/ Jason A. Selvey