# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN R. VAUGHAN, JASON DARNELL, FEBBIE MINNIEFIELD, and ADRIEL VEGA, individually and on behalf of all others similarly situated, | Case No. 20-cv-04241 |
| Plaintiffs, | Honorable Marvin Aspen |
| v. | Magistrate Judge Cole |
| BIOMAT USA, INC., TALECRIS PLASMA RESOURCES, INC., and INTERSTATE BLOOD BANK, INC., | |
| Defendants. | |

## STIPULATION OF CLASS ACTION SETTLEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into by and among Plaintiffs Brian R. Vaughan ("Vaughan"), Jason Darnell ("Darnell"), Febbie Minniefield ("Minniefield"), and Adriel Vega ("Vega") (collectively referred to as "Plaintiffs") for themselves individually and on behalf of the Settlement Class, and Defendants Biomat USA, Inc. ("Biomat"), Talecris Plasma Resources, Inc. ("TPR"), and Interstate Blood Bank, Inc. ("Interstate Blood Bank") (collectively, "Defendants"). Plaintiffs and Defendants are referred to individually as "Party" and collectively referred to as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the following terms and conditions, and subject to the approval of the Court.

## RECITALS

A.      On June 10, 2020, Plaintiff Vaughan filed a putative class action complaint in the Circuit Court of Cook County, Illinois alleging violations of the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). Plaintiff Vaughan claimed, among other things, that

Defendants Biomat and TPR collected and stored his biometric data without authorization through the use of a finger-scanning device at Biomat and TPR donation facilities in Illinois.

B. On July 17, 2020, Defendants Biomat and TPR removed the case to the United States District Court for the Northern District of Illinois, pursuant to the Class Action Fairness Act ("CAFA"), where it was assigned the caption *Brian R. Vaughan v. Biomat USA, Inc. et al*, No. 20-cv-04241 (N.D. Ill.). (*See* dkt. 1.)

C. On October 23, 2020, on Defendants Biomat and TPR's motion, the Court stayed all proceedings pending the Appellate Court of Illinois, First District's decision in *Tims v. Black Horse Carriers, Inc.,* Case No. 1-20-0563 (1st Dist.). (*See* dkt. 26.)

D. On April 8, 2021, Plaintiff Vaughan filed an Amended Complaint, adding Plaintiff Jason Darnell and Defendant Interstate Blood Bank, with Darnell asserting essentially the same allegations against Interstate Blood Bank that Vaughan asserted against Biomat and TPR. (*See* dkt. 33.)

E. After the stay was lifted, on December 17, 2021, Defendants moved to dismiss the Amended Complaint. (*See* dkt. 53-54.) The Court granted Defendants' Motion on April 28, 2022, and granted Plaintiffs Vaughan and Darnell leave to amend. (*See* dkt. 69-70.) They then filed the operative Second Amended Complaint on May 16, 2022. (*See* dkt. 72.) In the Second Amended Complaint, Plaintiffs Vaughan and Darnell added Plaintiffs Minniefield and Vega. (*Id.*) Plaintiff Minniefield asserted essentially the same claims against Biomat that Vaughan did. (*Id.*) Plaintiff Vega asserted essentially the same claims against TPR that Vaughan asserted in prior complaints, but not in the Second Amended Complaint. (*Id.*)

F.      Defendants moved to dismiss on July 8, 2022. (*See* dkt. 79-80.) On September 19, 2022, the Court entered a Memorandum Opinion and Order denying the Defendants' Motion to Dismiss the Second Amended Complaint. (*See* dkt. 88.)

G.      Plaintiffs and Class Counsel conducted a comprehensive examination of the law and facts relating to the allegations in the Action and Defendants' potential defenses. Plaintiffs believe that the claims asserted in the Action have merit, that they would have ultimately succeeded in obtaining adversarial certification of the proposed Settlement Class, and that they would have prevailed on the merits at summary judgment or at trial. However, Plaintiffs and Class Counsel recognize that Defendants have raised factual and legal defenses in the Action that presented significant risk that Plaintiffs may not prevail and/or that a class might not be certified for trial. Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex class actions, as well as difficulty and delay inherent in such litigation. Plaintiffs and Class Counsel believe that this Agreement presents a favorable result for the Settlement Class, and one that will be provided to the Settlement Class without delay.

H.      Plaintiffs and Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and based on good faith negotiations, and in the best interests of Plaintiffs and the Settlement Class. Therefore, Plaintiffs believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and forever barred pursuant to the terms and conditions set forth in the Settlement Agreement.

I.      Defendants deny all allegations in the Action, as well as all allegations of wrongdoing and liability, including that they are subject to or violated the BIPA, and believe that they would have prevailed on the merits and that a class would not be certified for trial. Nevertheless, Defendants have similarly concluded that this Settlement is desirable to avoid the

time, risk and expense of defending the Action. Defendants thus desire to resolve finally and completely the pending and potential claims of Plaintiffs and the Settlement Class.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and Defendants that, subject to the approval of the Court after a hearing as provided for in this Settlement Agreement, and in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

## AGREEMENT

### 1. DEFINITIONS

In addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

1.1 "**Action**" means the case captioned *Vaughan et al. v. Biomat et al.*, Case No. 20-cv-04241 (N.D. Ill.).

1.2 "**Agreement**" or "**Settlement Agreement**" means this Stipulation of Class Action Settlement and the attached Exhibits.

1.3 "**Approved Claim**" means a Claim Form submitted by a Settlement Class Member that is (a) timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, (b) is fully completed and physically or electronically signed by the Settlement Class Member, and (c) satisfies the conditions of eligibility for a Settlement Payment as set forth in this Agreement.

1.4 "**Claims Deadline**" means the date by which all Claim Forms must be postmarked or submitted on the Settlement Website to be considered timely, and shall be set as a date no later

than one-hundred twenty (120) days following the Notice Date, subject to Court approval. The Claims Deadline shall be clearly set forth in the order preliminarily approving the Settlement, as well as in the Notice and the Claim Form.

1.5    "**Claim Form**" means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, which shall be completed by Settlement Class Members who wish to file a claim for a Settlement Payment, shall be available in paper and electronic format. The Claim Form will require claiming Settlement Class Members to provide the following information: (i) full name, (ii) current U.S. Mail address, (iii) current contact telephone number and email address, and (iv) a statement that he or she scanned their finger at (a) one or more of Defendants Biomat and/or TPR's plasma donation centers located in Illinois between June 10, 2015 and June 10, 2022, or (b) Defendant Interstate Blood Bank's plasma donation center located in Illinois between April 8, 2016 and July 25, 2022. The online Claim Form will provide Class Members with the option of having their Settlement Payment transmitted to them via check or electronically. Class Members who submit a paper Claim Form that is approved will be sent a check via U.S. Mail.

1.6    "**Class Counsel**" means attorneys David Fish and Mara Baltabols of Fish Potter Bolaños, P.C.

1.7    "**Class Representatives**" or "**Plaintiffs**" means the named Plaintiffs in the Action, Brian R. Vaughan, Jason Darnell, Febbie Minniefield, and Adriel Vega.

1.8    "**Court**" means the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Judge Aspen presiding, or any judge who shall succeed him as the Judge assigned to the Action.

DocuSign Envelope ID: 27DD1484-693A-4115-80FC-327E15806B48

1.9     "**Defendants**" means Biomat USA, Inc., Talecris Plasma Resources, Inc., and Interstate Blood Bank, Inc.

1.10    "**Defendants' Counsel**" means attorneys Jason A. Selvey and Julia S. Wolf of Jackson Lewis P.C.

1.11    "**Effective Date**" means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award or service award, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings arising out of the appeal(s) including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand, or (iii) the date of final dismissal of any proceeding on certiorari with respect to the Final Approval Order.

1.12    "**Escrow Account**" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to Class Counsel and Defendants at a depository institution insured by the Federal Deposit Insurance Corporation. The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (a) demand deposit accounts and/or (b) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. Any interest earned on the Escrow Account shall inure to the benefit of the Settlement Class as part of the Settlement Payment, if practicable. The Settlement Administrator shall be responsible for all tax filings with respect to the Escrow Account.

DocuSign Envelope ID: 27DD1A84-693A-4115-80FC-327E15806B48

1.13    "**Fee Award**" means the amount of attorneys' fees and reimbursement of costs awarded to Class Counsel by the Court to be paid out of the Gross Fund.

1.14    "**Final Approval Hearing**" means the hearing before the Court where Plaintiffs will request that the Final Approval Order be entered by the Court finally approving the Settlement as fair, reasonable, adequate per Rule 23, and approving the Fee Award and the service award to the Class Representatives.

1.15    "**Final Approval Order**" means the final approval order to be entered by the Court approving the settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing, and dismissing the Action with prejudice.

1.16    "**Notice**" means the notice of the proposed Settlement and Final Approval Hearing, which is to be disseminated to the Settlement Class substantially in the manner set forth in this Settlement Agreement, fulfills the requirements of Due Process and Federal Rule of Civil Procedure 23, and is substantially in the form of Exhibits A, B, and C attached hereto.

1.17    "**Notice Date**" means the date by which the Notice is disseminated to the Settlement Class, which shall be a date no later than twenty-eight (28) days after entry of the Preliminary Approval Order.

1.18    "**Objection/Exclusion Deadline**" means the date by which a written objection to the Settlement Agreement by a Class Member must be filed with the Court or a request for exclusion submitted by a person within the Settlement Class must be postmarked or received by the Settlement Administrator, which shall be designated as a date forty-five (45) days after the Notice Date, as approved by the Court. The Objection/Exclusion Deadline will be set forth in the Notice and on the Settlement Website.

DocuSign Envelope ID: 27DD1484-693A-4115-80FC-327E15806B48

1.19    "**Preliminary Approval Order**" means the Court's order preliminarily approving the Agreement per Federal Rule of Civil Procedure 23, certifying the Settlement Class for settlement purposes only, and approving the form and manner of the Notice.

1.20    "**Released Claims**" means all past and present claims or causes of action, whether known or unknown, filed or unfiled, asserted or as of yet unasserted, existing or contingent, whether legal, statutory, equitable, or of any other type or form, whether brought in an individual, representative or other capacity, of every nature and kind whatsoever, including, but not limited to, claims that were or could have been brought in the Action or in any other action filed (or to be filed) by any Plaintiff and/or any other Settlement Class Members against any of the Released Parties relating in any way to or connected with the alleged capture, collection, storage, possession, transmission, conversion, purchase, receipt through trade, obtaining, sale, lease, profiting from, disclosure, redisclosure, dissemination, transmittal, conversion and/or other use of (i) alleged or actual biometric identifiers and/or biometric information, as those terms are defined in the BIPA, and (ii) any other types of biometrics and biometric data, in connection with plasma donations at Defendants' Illinois facilities, including any violation of the Biometric Information Privacy Act, and including, but not limited to, those claims asserted in this Action.

1.21    "**Released Parties**" means Defendants and any and all of their past, present, and future, direct and indirect, current and former owners, affiliates, parents (including but not limited to Biomat Holdco, LLC, Biomat Newco Corp., Grifols Shared Services North America, Inc., Grifols, S.A., and Instituto Grifols, S.A.), subsidiaries, divisions, officers, directors, shareholders, board members, partners,  agents, contractors, vendors, financial, regulatory and other advisors, employees, attorneys, insurers, reinsurers, predecessors, successors and assigns ("Released Parties"). Settlement Class Members are not releasing or waiving claims against

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

Haemonetics Corporation. Settlement Class Members are releasing Released Parties from any and all liability they may have arising out of or related in any manner to Haemonetics Corporation's alleged actions or omissions, including any alleged failure by Haemonetics Corporation to follow the requirements of the BIPA.

1.22 **"Releasing Parties"** means Plaintiffs and each Settlement Class Member and their respective present or past heirs, executors, estates, administrators, assigns and agents.

1.23 **"Settlement"** means the final resolution of the Action as embodied by the terms and conditions of this Agreement.

1.24 **"Settlement Administration Expenses"** means the expenses reasonably incurred by the Settlement Administrator in or relating to administering the Settlement, providing Notice, creating and maintaining the Settlement Website, receiving and processing Claim Forms, disbursing Settlement Payments, and other such related expenses, with all such expenses to be paid from the Gross Fund.

1.25 **"Settlement Administrator"** means Analytics Consulting LLC, subject to approval of the Court, which will provide the Notice, create and maintain the Settlement Website, receive and process Claim Forms, send Settlement Payments to Settlement Class Members, be solely responsible for any necessary tax reporting and related actions, and perform such other settlement administration matters set forth herein or contemplated by the Settlement.

1.26 **"Settlement Class"** means all individuals who had their Biometric Identifiers and/or Biometric Information collected, captured, stored, possessed, received, transmitted, converted or otherwise obtained by either (i) Biomat USA, Inc. or Talecris Plasma Resources, Inc. at one of their plasma donation centers in Illinois as part of their plasma donation processes between June 10, 2015 and June 10, 2022, or (ii) Interstate Blood Bank, Inc. at its plasma

DocuSign Envelope ID: 27DD1404-693A-411F-895C-327E15806B48

donation center in Illinois as part of their plasma donation process between April 8, 2016 and July 25, 2022; and whose name appears on the Class List ("Settlement Class"). Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (4) the legal representatives, successors or assigns of any such excluded persons and entities. Defendants represent that their best estimate based on their investigation and made in good faith is that there are approximately 66,822 individuals in the Settlement Class.

1.27 "**Settlement Class Member**" or "**Class Member**" means a person who falls within the definition of the Settlement Class and who does not submit a valid request for exclusion from the Settlement Class.

1.28 "**Gross Fund**" means the non-reversionary cash fund that shall be established by Defendants and cause to be paid in the amount of Sixteen Million Seven Hundred Fifty Thousand Dollars ($16,750,000.00) to be deposited into the Escrow Account, plus all interest earned thereon after Defendants establish the Gross Fund. Defendants shall fully fund the Escrow Account within the later of (a) thirty (30) days after the entry of the Preliminary Approval Order, or (b) thirty (30) days after the Settlement Administrator provides adequate payment instructions and a W-9. The Gross Fund shall satisfy all monetary obligations of Defendants (and any other Released Party) under this Settlement Agreement, including the Settlement Payments, Settlement Administration Expenses, Fee Award, litigation costs, service awards, taxes, and any other payments or other monetary obligations contemplated by this Agreement or the Settlement. Under no circumstances shall Defendants be required to provide settlement funding or pay any attorneys' fees, costs,

DocuSign Envelope ID: 27DD1404-693A-411F-895C-327E15806B48

service awards, taxes or Settlement Administration Expenses or any other costs associated with Settlement that, taken together, exceed the amount of Sixteen Million Seven Hundred Fifty Thousand Dollars ($16,750,000.00), *except* that if the number of Settlement Class Members ultimately increases by more than 500 people (*i.e.*, to 67,322 or more), the Gross Fund shall be increased for each additional person on a pro rata basis (*i.e.*, by $250.67 for each additional Settlement Class Member).

1.29    The Gross Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. In no event shall any amount paid by Defendants into the Escrow Account, or any interest earned thereon, revert to Defendants or any other Released Party except in the event of termination, as described below in Section 7.1. The Escrow Account and the Gross Funds are to be provided to the Settlement Administrator and maintained by an escrow agent as a Court approved Qualified Settlement Fund pursuant to Section 1.468B-1 et. seq. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

1.30    **"Net Fund"** is the Gross Fund minus: Class Counsel's attorney's fees, litigation costs, settlement administration costs, service awards to the Class Representatives and any other payments made associated with the Settlement. Payments will be made from the Net Fund on a pro rata basis for each Settlement Class Member that timely returns a valid Claim Form ("Class Participants").

1.31    "**Settlement Payment**" means a *pro rata* portion of the Net Fund.

1.32    "**Settlement Website**" means the website to be created, launched, and maintained by the Settlement Administrator, which will provide access to relevant settlement administration documents, including the Notice, relevant court filings, and the ability to submit Claim Forms

11

online. The Settlement Website shall be live and active by the Notice Date, and the URL of the Settlement Website shall be bipaplasma.com, or such URL as the Parties may subsequently agree to.

1.33    "**Unknown Claims**" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, to object or not to object to the Settlement. Upon the Effective Date, Plaintiff, the Settlement Class, and the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of Plaintiffs, the Settlement Class, and the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Plaintiffs, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Section.

## 2  SETTLEMENT RELIEF

### 2.1  Settlement Payments to Class Members

a.      Settlement Class Members shall have until the Claims Deadline to submit Claim Forms. Each Settlement Class Member who submits an Approved Claim shall be entitled to a Settlement Payment.

b.      Within fourteen (14) days after the Claims Deadline, the Settlement Administrator shall process all Claim Forms submitted by Settlement Class Members and shall determine which claims are valid and initially approved and which claims are initially rejected.

c.      Within fourteen (14) days of the Claims Deadline, the Settlement Administrator will submit to Class Counsel and Defendants' Counsel a report listing all initially approved and initially rejected Claims.

d.      Class Counsel and Defendants' Counsel shall have fourteen (14) days after the date they receive the report listing the initially approved and initially rejected claims to audit and challenge any initially approved or initially rejected claims. Class Counsel and Defendants' Counsel shall meet and confer in an effort to resolve any disputes or disagreements over any initially approved or rejected claims. The Settlement Administrator shall have the authority for determining if Settlement Class Members' Claim Forms are complete, timely, and accepted as an Approved Claim.

e.      Within twenty-eight (28) days of the Effective Date, or such other date as the Court may set, the Settlement Administrator shall send Settlement Payments from the Net Fund by electronic deposit or by check via First Class U.S. Mail to

DocuSign Envelope ID: 27DD4404-693A-411F-895C-327E15806B48

the address provided on the Approved Claim Form, as elected by the Class Member with an Approved Claim.

f.       Each payment issued to a Class Member by check will state on the face of the check that it will become null and void unless cashed within one hundred fifty (150) calendar days after the date of issuance.

g.       In the event that an electronic deposit to a Class Member is unable to be processed, the Settlement Administrator shall attempt to contact the Class Member within thirty (30) calendar days to correct the issue.

h.        To the extent that a check issued to a Settlement Class Member is not cashed within one hundred fifty (150) days after the date of issuance or an electronic deposit is unable to be processed within one hundred fifty (150) days of the first attempt, such funds shall be distributed to the Northern Illinois Food Bank as a *cy pres* or, if not acceptable to the Court, to a cy *pres* selected by the court. If the Court finds that the parties' *cy pres* designations are not acceptable, then funds from checks not cashed in 150 days will be distributed to the Unclaimed Property Division of the Illinois Treasurer's Office in each such claimant's name.

2.2    **Non-Monetary Relief**.

Defendants represent that they maintain BIPA-compliant consents and policies applicable to plasma donors to the extent they still use the finger-scanning technology at issue in this Action, regardless of whether such is required by the BIPA. Defendants further represent that to the extent they still use the finger-scanning technology at issue in this Action, they have a practice of obtaining any plasma donor consent required by the BIPA prior to their utilizing the finger-scanning technology at issue in this Action.

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

## 3   CLASS-WIDE RELEASE

3.1     **The Release.** Upon the Effective Date, and in consideration of the Settlement relief and other consideration described herein, the Releasing Parties, and each of them, shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged the Released Parties from any and all Released Claims. Settlement Class Members are not releasing or waiving claims against Haemonetics Corporation. Settlement Class Members are releasing Released Parties from any and all liability they may have arising out of or related in any manner to Haemonetics Corporation's alleged actions or omissions, including any alleged failure by Haemonetics Corporation to follow the requirements of the BIPA.

## 4   NOTICE TO THE CLASS

4.1     The Notice shall include:

        a.     *Class List.* Defendants shall provide the Settlement Administrator an excel spreadsheet with a list of all names, cell phone numbers (to the extent available), last known U.S. Mail addresses, and social security numbers (for tax reporting purposes only if necessary and requested for particular Settlement Class Member(s) by the Settlement Administrator) of all persons in the Settlement Class (the "Class List"), all to the extent previously provided to Defendants by Class Members, as soon as practicable but by no later than fourteen (14) days after the entry of Preliminary Approval Order by the Court. The Settlement Administrator shall keep the Class List and all personal information obtained therefrom including, without limitation, the identity, mailing addresses, the date(s) of donation of all persons and, as applicable, social security numbers of Class

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

Members, strictly confidential. The Class List may not be used by the Settlement Administrator for any purpose other than advising specific individual Settlement Class members of their rights, mailing Settlement Payments, and otherwise effectuating the terms of the Settlement Agreement or the duties arising thereunder, including the provision of Notice of the Settlement. Class Counsel acknowledges and agrees that they will not receive a copy of the Class List, nor will they seek a copy of the Class List.

b.  The Notice shall include the best notice practicable under the circumstances, including but not limited to:

    i.  *Update Addresses.* Prior to mailing any Notice, the Settlement Administrator will update the U.S. mail addresses of persons on the Class List using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator. The Settlement Administrator shall take all reasonable steps to obtain the correct address of any Settlement Class members for whom Notice is returned by the U.S. Postal Service as undeliverable and shall attempt re-mailings as described below in Section 5.1.

    ii.  *Direct Notice.* No later than thirty (30) days after the entry of the Preliminary Approval, the Settlement Administrator shall send Notice mail in substantially the form of <u>Exhibit A</u> and via text message substantially in the form of <u>Exhibit B</u> to all persons in the Settlement Class for whom a mobile phone number is available on the Class List no later than the Notice Date. On a date halfway through the claims period, the Settlement

16

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

Administrator shall send a text message reminder to each person who has not yet submitted a claim for payment reminding them to do so.

iii. *Internet Notice.* Within fourteen (14) days after the entry of the Preliminary Approval Order, the Settlement Administrator will cause the creation of a settlement web site containing the notice substantially in the form of <u>Exhibit C</u>.

iv. *CAFA Notice*. Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of the State of Illinois, the Attorney General of the United States, and the appropriate State official of each State in which any Class Member resides, as determined by Defendants' records, a notice of the proposed settlement in compliance with the requirements of CAFA.

4.2    The Notice shall advise the Settlement Class of their rights under the Settlement, including the right to be excluded from or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the person making an objection shall file notice of the person's intention to do so and at the same time (a) files copies of such papers the person proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) files copies of such papers through the Court's CM/ECF system if the objection is from a Settlement Class Member represented by counsel, who must also file an

17

appearance, and (c) sends copies of such papers via e-mail, U.S. mail, hand, or overnight delivery service to Class Counsel and Defendants' Counsel.

4.3     **Right to Object or Comment.** Any Settlement Class Member who intends to object to this Settlement Agreement shall present the objection in writing, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address, (b) a statement that the objector is a member of the Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the Settlement Class Member desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action in any other action or proceeding.

4.4     **Right to Request Exclusion.** Any person in the Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. To be

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

valid, any request for exclusion must (a) be in writing; (b) identify the case name *Vaughan et al. v. Biomat USA, Inc.*, No. 20-cv-04241 (N.D. Ill.); (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Vaughan et al. v. Biomat USA, Inc.*, No. 20-cv-04241 (N.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if this Settlement Agreement is approved by the Court. Any person who elects to request exclusion from the Settlement Class shall not (a) be bound by any orders or the Final Approval Order entered in the Action, (b) receive a Settlement Payment under this Settlement Agreement, (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement or the Final Approval Order or Alternative Approval Order. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

## 5    SETTLEMENT ADMINISTRATION

### 5.1    **Settlement Administrator's Duties**.

a.    ***Dissemination of Notices***. The Settlement Administrator shall disseminate the Notice as provided in Section 4 of this Settlement Agreement.

b.  **Service of CAFA Notices**.  The Settlement Administrator shall serve CAFA notices as provided in Section 4.1.b.iv of this Settlement Agreement.

c.  **Undeliverable Notice via U.S. Mail**. If any Notice sent via U.S. mail is returned as undeliverable, the Settlement Administrator shall forward it to any forwarding addresses provided by the U.S. Postal Service. If no such forwarding address is provided, the Settlement Administrator shall perform skip traces to attempt to obtain the most recent addresses for such Settlement Class members.

d.  **Maintenance of Records**. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendants' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide regular reports to Class Counsel and Defendants' Counsel with information concerning the Notice, the number of Claim Forms submitted, the number of Approved Claims, any requests for exclusion, and the administration and implementation of the Settlement. The Settlement Administrator shall make available for inspection by Class Counsel and Defendants' Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice and shall, at the conclusion of the Claims Deadline, provide Class Counsel and Defendants' Counsel with a list containing the names of all persons who submitted Approved Claims. All persons submitting Approved Claims shall be deemed to consent to the receipt of marketing materials from Defendants. Should the Court request, the Parties shall submit a timely report to the Court summarizing the

work performed by the Settlement Administrator, including a post-distribution accounting of all amounts from the Net Fund paid to Settlement Class Members, the number and value of checks not cashed, the number and value of electronic payments unprocessed, and the amount distributed to any *cy pres* recipients**.**

e.      ***Receipt of Requests for Exclusion***. The Settlement Administrator shall receive requests for exclusion from persons in the Settlement Class and provide to Class Counsel and Defendants' Counsel a copy thereof within five (5) business days of the Objection/Exclusion Deadline. If the Settlement Administrator receives any requests for exclusion or other requests from Settlement Class Members after the Objection/Exclusion Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendants' Counsel.

f.      ***Creation of Settlement Website***. The Settlement Administrator shall create the Settlement Website where Settlement Class Members can access settlement documents and submit electronic claim forms. The Settlement Website shall include a toll-free phone number and mailing address through which persons in the Settlement Class may contact the Settlement Administrator or Class Counsel directly. The Settlement Website shall also make clear that it is not associated with or created by Defendants, and shall contain a link directing persons interested in donating plasma to Defendants' website(s). The Settlement Administrator will deactivate the website within thirty (30) days following the completion of all of its responsibilities under this Settlement Agreement.

g.      ***Processing Claim Forms***. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud, including by cross-referencing Approved Claims with the Class List. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that fail to (1) comply with the instructions on the Claim Form or the terms of this Agreement, or (2) provide full and complete information as requested on the Claim Form. In the event a person submits a timely Claim Form by the Claims Deadline, but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such person reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than twenty-eight (28) calendar days after the Claims Deadline. In the event the Settlement Administrator receives such information more than twenty-eight (28) calendar days after the Claims Deadline, then any such claim shall be denied. The Settlement Administrator may contact any person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

h.  ***Establishment of the Escrow Fund***. The Settlement Administrator shall establish the Escrow Fund, pursuant to the terms of Section 1.12, and maintain the Escrow Fund as a qualified Net Fund throughout the implementation of the Class Settlement in accordance with the Court's Preliminary Approval Order and Final Approval Order.

i.  ***Timing of Settlement Payments***. The Settlement Administrator shall make Settlement Payments contemplated in Section 2 of this Settlement Agreement to all Settlement Class Members, who, if necessary, have completed required tax forms, within twenty-eight (28) days after the Effective Date.

DocuSign Envelope ID: 27DD1404-6934-441F-805C-327E15806B48

j. ***Tax Reporting***. The Settlement Administrator shall be responsible for all tax filings related to Settlement Payments and the Escrow Account, including statutory damages/non-wage income reported on IRS Form 1099, if required, requesting Form W-9's from Settlement Class Members and performing back-up withholding as necessary, and making any required "information returns" as that term is used in 26 U.S.C. § 1 *et seq.* Neither Class Counsel nor Defendants make any representations regarding the tax treatment of the Net Fund nor will Defendants or any of the other Released Parties accept any responsibility for the tax treatment to the Settlement Payments received by any Settlement Class Member or the Escrow Account established and maintained by the Settlement Administrator.

## 6 PRELIMINARY APPROVAL AND FINAL APPROVAL

**6.1 Preliminary Approval.** Promptly after execution of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and shall move the Court to enter a Preliminary Approval Order, which shall include, among other provisions, a request that the Court:

a. Appoint Plaintiffs as Class Representatives of the Settlement Class for settlement purposes only;

b. Appoint Class Counsel to represent the Settlement Class;

c. Certify the Settlement Class under Federal Rule of Civil Procedure 23, for settlement purposes only;

d. Preliminarily approve this Settlement Agreement for purposes of disseminating Notice to the Settlement Class;

DocuSign Envelope ID: 27DD1404-693A-411F-895C-327E15806B48

e.     Approve the form and contents of the Notice and the method of its dissemination to members of the Settlement Class; and

f.     Schedule a Final Approval Hearing after the expiration of the CAFA notice period, to review comments and/or objections regarding this Settlement Agreement, to consider its fairness, reasonableness and adequacy, to consider the application for a Fee Award and service awards to the Class Representatives, and to consider whether the Court shall enter a Final Approval Order approving this Settlement Agreement and dismissing the Action with prejudice.

**6.2**    **Final Approval**.  After Notice to the Settlement Class is given, Class Counsel shall move the Court for entry of a Final Approval Order, which shall include, among other provisions, a request that the Court:

a.     find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits;

b.     approve the Settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members;

c.     direct the Parties and their counsel to implement and consummate the Settlement according to its terms and conditions;

d.     declare the Settlement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties;

e.     find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327F15806B48

is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (4) fulfills the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

f.      find that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

g.      dismiss the Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

h.      incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

i.      authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all Exhibits to this Settlement Agreement) that (i) shall be consistent in all material respects with the Final Approval Order, and (ii) do not limit the rights of Settlement Class Members;

j.      without affecting the finality of the Final Approval Order for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose; and

k.       incorporate other provisions, consistent with the material terms of this

Settlement Agreement, as the Court deems necessary and just.

**6.3**       Defendants shall not object to certification of the matter for settlement purposes

only, but reserves their rights to contest the propriety of certification of a class for any other

purpose should the Court deny either preliminary or final approval of the Settlement.

## 7    TERMINATION OF THE SETTLEMENT AGREEMENT & CONFIRMATORY DISCOVERY

7.1       **Termination.**  Subject to Section 9 below, the Class Representatives, on behalf of

the Settlement Class, or Defendants, shall have the right to terminate this Agreement by providing

written notice of the election to do so to Class Counsel or Defendants' Counsel within ten (10)

days of any of the following events: (i) the Court's refusal to enter the Preliminary Approval Order

approving of this Agreement in any material respect; (ii) the Court's refusal to enter the Final

Approval Order in this Action in any material respect; (iii) the Court's refusal to enter a final

judgment in this Action in any material respect; (iv) the date upon which the Final Approval Order

is modified or reversed in any material respect by the Seventh Circuit Court of Appeals or the

Supreme Court; or (v) the date upon which an Alternative Approval Order is entered, as defined

in Section 9.1 of this Agreement, is modified or reversed in any material respect by the Court of

Appeals or the Supreme Court. Either Party may terminate this Agreement in the event that more

than fifteen percent (15%) of the individuals listed on the Class List submit timely and valid

requests for exclusion from the Settlement, provided that the Party provides written notice of the

election to do so within ten (10) days following the Objection/Exclusion Deadline.  In the event

this Agreement is terminated for any reason, all funds deposited by Defendants into the Escrow

Account to establish the Gross Fund plus interest shall be returned to Defendants, minus any

Settlement Administration Expenses. In the event that the Court does not grant preliminary

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

approval to the Settlement Agreement, final approval to the Settlement Agreement, and/or does not enter a final judgment in the Action, the Parties: (a) must attempt to renegotiate the Settlement Agreement for the purpose of obtaining Court approval of a renegotiated Settlement Agreement; and/or (b) either or both Parties may seek reconsideration or appellate review of the decision denying approval of the Settlement Agreement. In the event reconsideration and/or appellate review is denied or a mutually agreed-upon Settlement modification is not approved and the Parties decide to forego further negotiations, the Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Action.

7.2 **Confirmatory Discovery**. Defendants represent that the Settlement Class contains approximately 66,822 members. Defendants shall provide appropriate confirmatory discovery regarding the size of the Settlement Class, and the number of unique names for whom a U.S. Mail address is available on the Class List, within fourteen (14) days after the Parties execute this Agreement. Prior to preliminary approval, Defendants shall have the right to terminate this Settlement should the actual size of the Settlement Class be 5% or more greater than the estimated 66,822 people. Should confirmatory discovery reveal that the number of the Settlement Class Members ultimately increases by more than 500 people (*i.e.*, to 67,322 or more), the Gross Fund shall be increased for each additional person on a pro rata basis (*i.e.*, by $250.67 for each additional Settlement Class Member).

7.3 Within fourteen (14) days after the Parties execute this Agreement, Defendants will provide an explanation of how the Class was identified and contact information was compiled solely for use in preparing a motion for preliminary and final settlement approval.

8 **SERVICE AWARD AND CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

8.1     Defendants acknowledges that Class Counsel is entitled to reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the Fee Award from the Gross Fund. The amount of the Fee Award shall be determined by the Court based on a petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendants, to limit their request for attorneys' fees to one-third of the Gross Fund, plus their reasonable costs. Payment of the Fee Award shall be made from the Gross Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Net Fund and be distributed to Settlement Class Members as Settlement Payments. The Fee Award shall be payable within five (5) business days after the Effective Date. Payment of the Fee Award shall be made by the Settlement Administrator via wire transfer to an account designated by Fish Potter Bolanos PC after providing necessary information for electronic transfer and relevant tax information.

8.2     Defendants agree that the Class Representatives shall each be paid a service award in the amount of Five Thousand Dollars ($5,000.00) each from the Gross Fund, in addition to any Settlement Payment pursuant to this Settlement Agreement and in recognition of their efforts on behalf of the Settlement Class, subject to Court approval and subject to each Class Representative providing a general release of all claims known and unknown, asserted and unasserted, against the Released Parties by signing and not revoking an appropriate general release, a copy of which is appended to hereto as Exhibit D. Should a Class Representative not execute the required released or should the Court award less than this amount for one or more Class Representatives, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Gross Fund and be distributed to Settlement Class Members as Settlement Payments. Any service award shall be paid from the Gross Fund (in the form of a check to the Class

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

Representative that is sent care of Class Counsel), within five (5) business days after the Effective Date.

## 9 CONDITIONS OF SETTLEMENT, EFFECT OF DISPROVAL, CANCELLATION OR TERMINATION

9.1 The Effective Date shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs subject to the provisions in Section 1.11.

    a. This Agreement has been signed.

    b. The Court has entered a Preliminary Approval Order approving the Agreement.

    c. The Court has entered a Final Approval Order finally approving the Agreement, or an order substantially consistent with this Settlement Agreement that has become final and non-appealable, following Notice to the Settlement Class and a Final Approval Hearing as provided in the Federal Rules of Civil Procedure; and

    d. In the event that the Court enters an approval order and final judgment in a form other than that provided above ("Alternative Approval Order") to which the Parties have consented, that Alternative Approval Order has become final and non-appealable.

9.2 If some or all of the conditions specified in Section 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the Settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated subject to the requirements and provisions of Sections 7.1 and 9.3, unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with this Settlement Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Settlement

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the following shall not prevent the Settlement Agreement from becoming effective, nor shall they be grounds for termination of the Agreement: (1) the Court's decision as to the amount of the Fee Award to Class Counsel set forth above or the service awards to the Class Representatives, regardless of the amounts awarded, or (2) the Court's determination that it lacks jurisdiction over the claims or persons such that the Parties will seek to obtain approval of their Settlement Agreement in an appropriate forum.

9.3     If this Settlement Agreement is terminated or fails to become effective for the reasons set forth above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Approval Order or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Settlement Agreement had never been entered into. Consistent with Section 7.1, if the Settlement Agreement fails because the Court does not grant preliminary approval to the Settlement Agreement, final approval to the Settlement Agreement, and/or does not enter a final judgment in the Action the Parties must attempt to renegotiate and/or should seek reconsideration or appellate review. Should the Court determine it lacks jurisdiction over any part of the Action, including any claim, cause of action, or persons, the Parties agree to seek the approval of this Settlement Agreement, on the same terms, before an appropriate state court.

10  **MISCELLANEOUS PROVISIONS**

10.1     The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking entry of the Preliminary Approval Order and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

10.2    Each signatory to this Agreement represents and warrants (a) that the signatory has all requisite power and authority to execute, deliver and perform this Settlement Agreement and to consummate the transactions contemplated herein, (b) that the execution, delivery and performance of this Settlement Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

10.3    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the other Settlement Class Members, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendants, or each or any of them, in bad faith or without a reasonable basis.

10.4    The Parties have relied upon the advice and representation of their respective counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

DocuSign Envelope ID: 27DD1404-693A-441F-805C-327E15806B48

10.5    Whether the Effective Date occurs or this Settlement is terminated, neither this Settlement Agreement nor the Settlement terms and language contained herein, nor any court order, communication, act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement:

a.      is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the appropriateness of class certification, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the Gross Fund, Settlement Payment or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b.      is, may be deemed, or shall be used, offered or received against Defendants and the other Released Parties as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

c.      is, may be deemed, or shall be used, offered or received against Plaintiffs or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

d.      is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or

DocuSign Envelope ID: 27DD1404-693A-441F-805C-327E15806B48

administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement. Moreover, if this Settlement Agreement is approved by the Court, any of the Released Parties may file this Settlement Agreement and/or the Final Approval Order in any action that may be brought against such parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

       e.     is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

       f.     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.6    The Settlement Agreement shall remain and be treated by the Parties and their counsel as confidential until a motion for preliminary settlement approval is filed.

10.7    In responding to any and all media inquiries regarding the Settlement and Settlement Agreement once they become public and to further use in any and all public-facing statements regarding the Settlement and Settlement Agreement, the Parties agree to offer only the following mutually acceptable language: "The Parties agreed to settle this litigation now for the gross amount funded by Defendants up to their deductible and then by their insurer for the remainder, without any admission or determination of liability or the strength of the Parties' claims and defenses, in order to avoid further risk and expenses to Plaintiffs and Defendants." This section does not apply to court filings and proceedings, government filings or communications with Settlement Class Members up to 150 days after the Settlement Payments are made (*i.e.*, the time at which any Settlement Checks not deposited will go stale pursuant to the terms of this Settlement Agreement).

10.8    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.9    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

10.10   All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

10.11   This Settlement Agreement and its Exhibits A–D set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants

34

contained and memorialized in such documents. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.12   Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

10.13   Plaintiffs represent and warrant that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that they are fully entitled to release the same.

10.14   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

10.15   This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requires.

10.16   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

10.17   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

10.18   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

10.19   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:

[SIGNATURES APPEAR ON FOLLOWING PAGE]

DATED: 2-1-23 _____

_____

Counsel for Settlement Class Representatives


Biomat USA, Inc.

DATED: 2/2/2023 | 13:46:22 PST  By: *Frederic Esrailian* _____
8E06E2C9558544D...

Its: Corporate Secretary _____


Talecris Plasma Resources, Inc.

By: *Frederic Esrailian* _____
8E06E2C9558544D...

DATED: 2/2/2023 | 13:46:22 PST

Its: Corporate Secretary _____


DATED: 2/2/2023 | 13:46:22 PST  Interstate Blood Bank, Inc.

By: *Frederic Esrailian* _____
8E06E2C9558544D...

Its: Corporate Secretary _____

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

# EXHIBIT A

| COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT<br><br>OUR RECORDS INDICATE YOU SCANNED YOUR FINGER AT A PLASMA COLLECTION CENTER IN ILLINOIS BETWEEN JUNE 10, 2015 AND JULY 25, 2022 AND MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT<br><br>XXXX | *Vaughan et al. v. Biomat et al.*<br>c/o Settlement Administrator<br>P.O. Box 0000<br>City, ST 00000-0000<br><br><br>\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|<br>Postal Service: Please do not mark barcode<br><br>XXX----<<ClaimID>> <<MailRec>><br><<First>> <<Last>><br><<C/O>><br><<Addr 1>> <<Addr 2>><br><<City>>, <<St>> <<Zip>> <<Country>><br><br><br>By Order of the court Dated: | First-Class<br>Mail US<br>Postage Paid<br>Permit # |

TO GET YOUR MONEY, THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY _____, 2023 AND MUST BE FULLY COMPLETED, SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated. If you prefer to receive payment via Venmo, PayPal, Zelle, or Direct Deposit (instead of a check), you must submit a Claim Form online on the Settlement Website at *www.bipaplasma.com*. If you submit this paper Claim Form by mail and it is approved, you will receive a check in the mail at the address you provide below. Depending on the number of valid claims submitted, you may need to complete an IRS Form W-9 to satisfy tax reporting obligations. You may complete the Form W-9 now on the Settlement Website at *www.bipaplasma.com*; doing so now will ensure that you receive your full payment as soon as possible.

Name (First, M.I., Last): _____  _____  _____

Street Address: _____

City: _____  State: _____  ____  Zip Code: ____ ____ ____ ____ ____

Email Address:  _____

Contact Phone #: ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required.)

**Settlement Class Member Verification**: By submitting this Claim Form, I declare that I am an individual who scanned my finger on a finger scanning device at either (1) a Biomat USA or Talecris Plasma Resources plasma donation facility located in Illinois between June 10, 2015 and June 10, 2022, or (2) the Interstate Blood Bank donation facility in Illinois between April 8, 2016 and July 25, 2022.

Signature: _____  Date: ___ ___/ ___ ___/ ___ ___

This notice is to inform you that a proposed settlement has been reached in a class action lawsuit against Biomat USA, Inc., Talecris Plasma Resources, Inc. and Interstate Blood Bank, Inc. (collectively, "Defendants") and certain plasma donors who scanned their finger on a finger scanning device in connection with donating plasma at one or more of Defendants' plasma donation centers in Illinois. The lawsuit claims that Defendants violated an Illinois law called the Illinois Biometric Information Privacy Act by collecting individual donors' biometric data when they used a finger-scanning device, without complying with the law's requirements. Defendants deny those allegations and the law's applicability to Defendants. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act or don't act.

**Who is included in the Settlement Class?** Our records indicate that you are included in the Settlement Class. The Settlement Class includes all persons who scanned their finger on a finger scanning device in connection with donating plasma at either (1) one of Biomat USA or Talecris Plasma Resource's plasma donation centers located in Illinois between June 10, 2015 and June 10, 2022, or (2) the Interstate Blood Bank plasma donation center located in Illinois between April 8, 2016 and July 25, 2022.

**What can I get out of the settlement?** If you're eligible and the Court approves the settlement, you can file a claim to receive a cash payment. The payment amount is estimated to be approximately $200 to $600 but could be more or less depending on the number of valid claims submitted. This amount is an equal share of a fund that Defendants agreed to create totaling $16,750,000 before any Court-approved payment of settlement expenses, attorneys' fees, and any incentive awards.

**How do I get my payment?** Just complete and return the attached Claim Form by mail, or you can visit the Settlement Website, *www.bipaplasma.com*, and submit a Claim Form online. All Claim Forms must be postmarked or submitted online by _____, 2023

**What are my Options?** You can do nothing, comment on or object to any of the settlement terms, or exclude yourself from the settlement. If you do nothing, you won't get a payment, and you won't be able to sue Defendants or certain related companies and individuals in a future lawsuit about the claims addressed in the settlement. You can also comment on or object to the settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment, but you'll keep your right to sue Defendants on the issues the settlement concerns. You must contact the settlement administrator by mail or e-mail to exclude yourself from the settlement. All Requests for Exclusion and Objections must be received by August 22, 2023.

**Do I have a lawyer?** Yes. The Court has appointed lawyers from the law firm Fish Potter Bolaños, P.C. as "Class Counsel." They represent you and the other Settlement Class Members. The lawyers will request to be paid from the total amount that Defendants agreed to pay to the Settlement Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees if you do. The Court has also chosen Brian R. Vaughan, Jason Darnell, Febbie Minniefield, and Adriel Vega —class members like you—to represent the Settlement Class.

**When will the Court approve the settlement?** The Court will hold a final approval hearing on _____, 2023, at ____.m. before the Honorable Marvin E. Aspen in Room 2568 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. During the hearing, the Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees of up to one-third of the Settlement Fund and an incentive award of $5,000 to each Class Representative. The fee request will be posted on the Settlement Website by _____, 2023.

| NO POSTAGE<br>NECESSARY ID<br>MAILED IN THE<br>UNITED STATES |

4890-

_____

_____

_____

1698-3116, v. 1

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

# EXHIBIT B

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

*Vaughan et al. v. Biomat et al.*, No. 20-cv-04241 (N.D. Ill.)

**IF YOU SCANNED YOUR FINGER AT A PLASMA DONATION CENTER OWNED BY DEFENDANTS IN ILLINOIS BETWEEN JUNE 10, 2015 AND JULY 25, 2022, YOU MAY BE ABLE TO CLAIM A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

***This is an official court notice. You are <u>not</u> being sued. This is <u>not</u> an ad for a lawyer.***

- A Settlement has been reached in a class action lawsuit against Biomat USA, Inc., Talecris Plasma Resources, Inc., and Interstate Blood Bank, Inc. ("Defendants") and certain plasma donors who scanned their finger at one of the Defendants' plasma donation centers in Illinois. The lawsuit claims that Defendants violated an Illinois law called the Illinois Biometric Information Privacy Act ("BIPA") by collecting individuals' biometric data when they used a finger-scanning device without complying with the law's requirements. Defendants deny those allegations and deny the law's applicability to them. The Court has not decided who is right or wrong. The Settlement has been preliminarily approved by a federal court in Chicago, Illinois.

- You are included in the Settlement if you scanned your finger on a finger scanning device in connection with donating plasma at either (1) one of Biomat USA or Talecris Plasma Resources' plasma donation centers located in Illinois between June 10, 2015 and June 10, 2022, or (2) the Interstate Blood Bank plasma donation center located in Illinois between April 8, 2016 and July 25, 2022. If you received a notice of the Settlement in the mail or by e-mail, our records indicate that you are a Settlement Class Member and are included in the Settlement, and you may submit a claim form online or by mail to receive a cash payment.

- If the Court approves the Settlement, members of the Class who submit valid claims will receive an equal, or *pro rata*, share of a $16,750,000.00 settlement fund that Defendants have agreed to establish, after all notice and administration costs, incentive awards, and attorneys' fees have been paid. Individual payments to Settlement Class Members who submit a valid Claim Form are estimated to be $200 to $600 but could be more or less depending on the number of valid claims submitted.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. You must submit a complete and valid claim form either online or by mail before _____, **2023**. |
| **DO NOTHING** | You will receive no payment under the Settlement and give up your rights to sue Defendants and certain related companies and individuals about the issues in this case. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue Defendants about issues in this case. |
| **OBJECT** | Write to the court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak to the Court about the fairness of the Settlement. |

These Rights and options – **and the deadlines to exercise them** – are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

## BASIC INFORMATION

### 1.  What is this notice and why should I read it?

The Court authorized this notice to let you know about a proposed Settlement. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Marvin E. Aspen of the United States District Court for the Northern District of Illinois is overseeing this class action. The Case is called *Vaughan et al. v. Biomat et al.*, No. 20-cv-04241. The persons who filed the lawsuit, Brian R. Vaughan, Jason Darnell, Febbie Minniefield, and Adriel Vega, are the Plaintiffs.

### 2.  What is a class action lawsuit?

A class action is a lawsuit in which individuals called "Class Representatives" bring a single lawsuit on behalf of other people who have similar legal claims. All of these people together are a "Class" or "Class Members." Once the Class is certified, a class action Settlement finally approved by the Court

resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

**3.   What is this lawsuit about?**

The Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*., prohibits private companies from capturing, obtaining, storing, and/or using the biometric identifiers and/or biometric information of another individual for any purpose, without first providing notice and getting consent in writing. Biometrics are things like your fingerprint, faceprint, or a scan of your iris. This lawsuit alleges that Defendants violated BIPA by allegedly collecting biometric data from Illinois plasma donors who scanned their fingers for identification before donating plasma at their Illinois plasma donation centers, without giving notice or getting consent. Defendants deny these allegations and deny that they were subject to or violated BIPA.

More information about Plaintiffs' complaint in the lawsuit and Defendants' defenses can be found in the "Court Documents" section of the settlement website *www.bipaplasma.com.*

**4.   Who is included in the Settlement Class?**

You are a member of the Settlement Class if you scanned your finger on a finger scanning device in connect with donating plasma at either (1) a Biomat USA or Talecris Plasma Resources plasma donation center located in Illinois between June 10, 2015 and June 10, 2022, or (2) the Interstate Blood Bank plasma donation center located in Illinois between April 8, 2016 and July 25, 2022. If you meet this requirement, you may be a class member and may submit a claim [Claim Form link] for a cash payment. If you received a notice of the Settlement via email or in the mail, our records indicate that you are a class member and are included in the Settlement. You may call or email the Settlement Administrator at [phone number] or [email address] to ask whether you are a member of the Settlement Class.

## THE SETTLEMENT BENEFITS

**5.   What does the Settlement Provide?**

**Cash Payments**. If you are eligible, you can file a claim to receive a cash payment. The amount of such payment is estimated to be around $200 to $600, but the exact amount is unknown at this time and could be more or less depending on the number of valid Claim Forms submitted. This is a *pro rata*, or equal, share of a fund that Defendants have agreed to create totaling $16,750,000, before the payment of settlement expenses, attorney's fees, and any incentive awards for the Class Representatives in the litigation approved by the Court.

**Non-Monetary Relief**. Under the settlement, Defendants have agreed to comply with BIPA, including, to the extent applicable, by obtaining written releases from plasma donors who use finger scanners at their Illinois plasma donation facilities, and maintaining BIPA-compliant consents and policies to the extent they use finger-scanning technology, whether or not that is required by the BIPA.

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

## HOW TO GET SETTLEMENT BENEFITS

| 6. How do I get a payment? |
| --- |

If you are a Settlement Class member and you want to get a payment, you must complete and submit a valid Claim Form by _____, 2023. If you received an email notice, it contained a link to the online Claim Form, which is also available on this website here [Claim Form Link] and can be filled out and submitted online. The online claim form lets you select to receive your payment by Venmo, Zelle, Paypal, ACH Direct Deposit, or paper check. A paper Claim Form with pre-paid postage was attached to the postcard notice you may have received in the mail. Those who submit a paper Claim Form will receive a paper check by mail, if the claim is approved.

The Claim Form requires you to provide the following information: (i) full name, (ii) current U.S. Mailing address, (iii) current telephone number and email address, and (iv) a statement that you scanned your finger at either (1) a Biomat USA or Talecris Plasma Resources plasma donation center located in Illinois between June 10, 2015 and June 10, 2022, or (2) the Interstate Blood Bank plasma donation center located in Illinois between April 8, 2016 and July 25, 2022.

Depending on the number of valid Claim Forms submitted, you may need to complete an IRS Form W-9 to satisfy IRS tax reporting obligations related to the payment. You may complete the [Form W-9 Link] now on the statement website; doing so now will ensure that you receive your full payment as soon as possible.

| 7. When will I get my payment? |
| --- |

The hearing to consider the fairness of the Settlement is scheduled for _____ 2023, at _____ p.m. If the Court approves the Settlement, Class Members whose claims are approved by the Settlement Administrator and, if necessary, who have completed a W-9 Form on the settlement website will be issued a check or electronic payment (as chosen by the Class Member) within 60 days after the Settlement has been finally approved by the Court and/or after any appeals process is complete. Please be patient. Uncashed checks and electronic payments that are unable to be completed will expire and become void 150 days after they are issued and will be distributed to *cy pres* recipient Northern Illinois Food Bank, or another *cy pres* organization selected by the court.

## THE LAWYERS REPRESENTING YOU

| 8. Do I have a lawyer in the case? |
| --- |

Yes, the Court has appointed lawyers David Fish and Mara Baltabols of Fish Potter Bolaños, P.C., as the attorneys to represent you and other Class Members. These attorneys are called the "Class Counsel." In addition, the Court appointed Plaintiffs Brian R. Vaughan, Jason Darnell, Febbie Minniefield, and Adriel Vega to serve as Class Representatives. They are Class Members like you. Class Counsel can be reached by calling (312) 861-1800.

| 9. Should I get my own lawyer |
| --- |

You don't need to hire your own lawyer because Class Counsel is working on your behalf. You may hire your own lawyer, but if you do so, you will have to pay that lawyer.

**10. How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees of up to one-third of the Settlement Fund plus expenses and will also request an incentive award of $5,000 for each Class Representative from the Settlement Fund. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any awards to the Class Representatives. The Court may award less than the amounts requested.

## YOUR RIGHTS AND OPTIONS

**11. What happens if I do nothing at all?**

If you do nothing, you will receive no money from the Settlement Fund, but you will still be bound by all orders and judgments of the Court. Unless you exclude yourself from the Settlement, you will not be able to file or continue a lawsuit against Defendants or other Released Parties regarding any of the Released Claims. **Submitting a valid and timely Claim Form is the only way to receive a payment from this Settlement.**

To submit a Claim Form, or for information on how to request exclusion from the class or file an objection, please visit the settlement website, *www.bipaplasma.com*, or call (XXX) XXX-XXXX.

**12. What happens if I ask to be excluded?**

You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against the Released Parties (at that term is defined in the Settlement Agreement) and are free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Released Parties at your own risk and expense.

**13. How do I ask to be excluded?**

You can mail or email a letter stating that you want to be excluded from the Settlement. Your letter must (a) be in writing, (b) identify the case name, *Vaughan et al. v. Biomat et al., No. 20-cv-04241 (N.D. Ill.)* ; (c) state the full name and current address of the person in the Settlement Class seeking to be excluded; (d) be signed by the person seeking exclusion; and be postmarked or received (for emails) by the Settlement Administrator on or before August 22, 2023. Each Request for exclusion must also contain a statement to the following effect: "I hereby request to be excluded from the proposed Settlement Class in *Vaughan et al. v. Biomat et al., No. 20-cv-04241 (N.D. Ill.)*" You must mail or e-mail your exclusion request no later than [Objection/Exclusion Deadline] to:

Vaughan et al. v. Biomat et al. Settlement Administrator
P.O. Box 0000
City, St, 00000

-or-

[email address]

You can't exclude yourself over the phone. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

| **14. If I don't exclude myself, can I sue Defendants for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up any right to sue Defendants and any other Released Party for the claims being resolved by this Settlement.

| **15. If I exclude myself can I get anything from this Settlement?** |
| --- |

No. If you exclude yourself, you will not receive a payment.

| **16. How do I object to the Settlement?** |
| --- |

If you do not exclude yourself from the Settlement Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Vaughan et al. v. Biomat et al., No. 20-cv-04241 (N.D. Ill.)*, no later than _____, 2023. Your objection must be e-filed or delivered to the Court at the following address:

Clerk of the United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

The objection must be in writing, must be signed and must include the following information: (a) your full name and current address, (b) a statement that you believe you are a member of the Settlement Class, (c) whether the objection applies to you, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for your objection, (e) all documents or writings that you wish the Court to consider, (f) the name and contact information of any attorneys representing, advising or in any was assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether you intend to appear at the Final Approval Hearing. If you hire an attorney in connection with making an objection, that attorney must file an appearance with the Court or seek *pro hac vice* admission to practice before the Court, and electronically file the objection by the objection deadline of _____, 2023. If you hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

In addition to filing your objection with the Court you must send via mail, email, or delivery service, by no later than _____, copies of your objection and any supporting documents to both Class Counsel and Defendants' Counsel at the addresses listed below:

| **Class Counsel** | **Defendants' Counsel** |
| --- | --- |

| | |
|---|---|
| David Fish<br>Mara Baltabols<br>FISH POTTER BOLAÑOS, P.C.<br>200 E. 5th Ave., Suite 115<br>Naperville, IL 60563<br>(312) 861-1800<br>www.fishlawfirm.com<br>dfish@fishlawfirm.com<br>mara@fishlawfirm.com | Jason A. Selvey<br>Julia S. Wolf<br>JACKSON LEWIS P.C.<br>150 North Michigan Ave., Suite 2500<br>Chicago, IL 60601<br>(312) 787- 4949<br>Jason.Selvey@ jacksonlewis.com<br>Julia.Wolf@jacksonlewis.com |

Class Counsel will file with the Court and post on the settlement website their request for attorneys' fees and incentive awards.

**17. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class as a Class Member. Excluding yourself from the Settlement Class is telling the Court that you don't want to be a Settlement Class Member. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**18. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing on _____, 2023, at 12:15 p.m. before the Honorable Judge Marvin E. Aspen in Room 2568 of the District Court for the Northern District of Illinois, Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or via remote means as instructed by the Court. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interest of Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive awards to the Class Representatives.

**Note**: the date and time of the Final Approval Hearing are subject to change by Court Order.  Check the docket to keep updated.

**19. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

**20. May I speak at the hearing?**

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

Yes. If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection and intend to appear at the hearing, you must state you intention to do so in your objection.

| **21. Where do I get more information?** |
| --- |

This notice summarizes the proposed Settlement. More details, including the Settlement Agreement and other documents are available at www.bipaplasma.com or at the Clerk's Office in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays and any closures as a result of the COVID-19 pandemic. You can also contact Class Counsel at (312) 861-1800 with any questions or check their Internet site at www.fishlawfirm.com

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, THE DEFENDANTS OR THE DEFENDANTS' LAWYERS WITH QUESTIONS ABOUT THE SETTLEMENT OR DISTRIBUTION OF SETTLEMENT PAYMENTS.**

4855-2860-2444, v. 3

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

# EXHIBIT C

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

<u>Text Message</u>

To:       Class Member's Telephone Number

From:    Administrator's telephone number

You can claim a payment for scanning your finger while donating plasma at Biomat, Talecris and/or Interstate Blood Bank. To receive payment, you must file a claim at [www.bipaplasma.com](http://www.bipaplasma.com) no later than _____. This is a court approve notice.

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

# EXHIBIT D

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

## EXHIBIT D

## General Release

Defendant [_____] ("Defendant") and [Plaintiff] ("Plaintiff"), their heirs, executors, administrators, successors, and assigns (collectively, "Plaintiff"), agree that:

1. **Service Award.** Plaintiff hereby understands and acknowledges that signing and complying with this General Release is a condition to receiving the Service Award specified in Section 8 of the Stipulation of Class Action Settlement ("Settlement Agreement") in the matter of *Brian R. Vaughan et al v. Biomat USA, Inc. et al*, Case No. 20-cv-04241, pending in the United States District Court for the Northern District of Illinois (the "Action").

2. **General Release, Claims Not Released and Related Provisions.** In consideration of the settlement relief described herein and in the Settlement Agreement, Plaintiff knowingly and voluntarily fully, finally, and forever, releases, relinquishes and discharges Defendant, [Other Defendant], [Other Defendant], and any and all of their past, present, and future, direct or indirect, current and former, owners, parents, affiliates, subsidiaries, divisions, officers, directors, shareholders, board members, partners, agents, representatives, employees, attorneys, insurers, reinsurers, predecessors, successors and assigns, as well as all manufacturers, suppliers, contractors and vendors of any finger scan system used by plasma donors at the Illinois facilities of Defendant, [Other Defendant], [Other Defendant] since June 10, 2015, both individually and in their business capacities, both jointly and severally, and both individually and collectively (referred to herein as "Released Parties") of and from any and all claims including all actual, potential, filed, unfiled, known or unknown, asserted or unasserted, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations of any kind whether in law, in equity, or in another type or form, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, including but not limited to all claims which were made or which could have been made by Plaintiff in this Action or in any other action filed (or to be filed) by Plaintiff against any of the Released Parties relating in any way to or connected with the alleged capture, collection, storage, possession, transmission, conversion, purchase, receipt through trade, obtaining, sale, lease, profiting from, disclosure, redisclosure, dissemination, transmittal, conversion and/or other use of alleged or actual biometric identifiers and/or biometric information, as those terms are defined in the Biometric Information Privacy Act ("BIPA").

(a) **Claims Not Released.** Plaintiff is not waiving any rights they may have to pursue claims which by law cannot be waived by signing this General Release or to enforce this General Release.

(b) **Collective/Class Action Waiver.** With the exception of Plaintiff's claims under the BIPA, which are asserted in and the subject of the Action, if any claim by Plaintiff is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant, [Other Defendant], [Other Defendant], or any other Released Party is a party.

3.     **Acknowledgments and Affirmations.**

Plaintiff affirms that they have not filed, have not caused to be filed, and are not presently a party to any claim against Defendant, [Other Defendant], [Other Defendant], or any other Released Party with the exception of the claims asserted in the Action.

Plaintiff understands and acknowledges that signing and complying with this General Release is a condition to receiving the Service Award set forth in Section 8 of the Settlement Agreement. Plaintiff acknowledges and agrees that if they violate the terms of this General Release, the entire General Release is null and void and they will not be entitled to payment of the Service Award set forth in the Settlement Agreement.

The Parties acknowledge Plaintiff's right to make truthful statements or disclosures required by law, regulation, or legal process and to request or receive confidential legal advice, and nothing in this General Release shall be deemed to impair those rights.

4.     **Governing Law and Interpretation.**  This General Release shall be governed and conformed in accordance with the laws of the State of Illinois without regard to its conflicts of laws provision.  In the event of a breach of any provision of this General Release, either party may institute an action specifically to enforce any term or terms of this General Release and/or seek damages for breach. Should any provision of this General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this General Release in full force and effect.

5.     **Waiver of Rights.**  Plaintiff understands and acknowledges that this is a legally binding document under which Plaintiff is giving up certain rights. Plaintiff has been advised to consult with an attorney prior to signing this document and has been given reasonable time to consider this General Release.

6.     **No Admission of Wrongdoing.**  Plaintiff and Defendant agree that neither this General Release nor the furnishing of the consideration for this General Release in the form of the Service Award provided for in the Settlement Agreement shall be deemed or construed at any time for any purpose as an admission by either Party, or evidence of any wrongdoing, liability or unlawful conduct of any kind.

7.     **Third-Party Beneficiaries.**  All Released Parties are third-party beneficiaries of this General Release for purposes of the protections offered by this General Release applicable to any such Released Party as against Plaintiff or any party acting on Plaintiff's behalf.

8.     **Amendment.**  This General Release may not be modified, altered or changed except upon express written consent of both Parties wherein specific reference is made to this General Release.

9.     **Entire Agreement.**  This General Release and the Settlement Agreement in the Action constitute the entire agreement between Plaintiff and Defendant with regard to the subject

DocuSign Envelope ID: 27DD1404-693A-411F-805C-327E15806B48

matter contained herein, and all prior and contemporaneous negotiations and understandings between Plaintiff and Defendant shall be deemed merged into the General Release and the Settlement Agreement.

  **10.**   <u>**Counterparts and Signatures**</u>.   This General Release may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the General Release or a signature transmitted by facsimile or electronic mail will have the same effect as the original signature. Electronic signatures compliant with the federal ESIGN Act and applicable analogous state laws shall have the same effect as an original ink signature.

  **11.**   <u>**Mutual Negotiation.**</u>   This General Release was the result of negotiations between the Parties. In the event of vagueness, ambiguity, or uncertainty, this General Release shall not be construed against the Party preparing it, but shall be construed as if both Parties prepared it jointly.

  **PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST THE RELEASED PARTIES.**

  **IN WITNESS WHEREOF**, the Parties hereto knowingly and voluntarily executed this General Release as of the date(s) set forth below:


[**PLAINTIFF**]         [**DEFENDANT**]

                 By: _____

_____

[_____], Plaintiff       Name: _____

Date: _____   Title: _____

                 Date: _____

**DocuSign**

| Certificate Of Completion | | |
|---|---|---|
| Envelope Id: 27DD1404693A411F80FC327E15806B48 | | Status: Completed |
| Subject: Settlement Agreement Exhibits Final - BUSA.pdf | | |
| Source Envelope: | | |
| Document Pages: 55 | Signatures: 3 | Envelope Originator: |
| Certificate Pages: 2 | Initials: 0 | Tanya Gospodinov |
| AutoNav: Enabled | | Avinguda de la Generalitat, 152 |
| EnvelopeId Stamping: Enabled | | Sant Cugat del Vallès, Barcelona  08174 |
| Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | Tanya.Gospodinov@grifols.com |
| | | IP Address: 204.126.166.204 |

### Record Tracking

| Status: Original | Holder: Tanya Gospodinov | Location: DocuSign |
|---|---|---|
| 2/2/2023 8:49:23 AM | Tanya.Gospodinov@grifols.com | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Tanya Gospodinov<br>tanya.gospodinov@grifols.com<br>Corporate Secretary<br>Grifols Shared Srv.NA Inc<br>Security Level: Email, Account Authentication (Required), Login with SSO | **Completed**<br><br>Using IP Address: 204.126.166.204 | Sent: 2/2/2023 8:53:22 AM<br>Viewed: 2/2/2023 8:54:11 AM<br>Signed: 2/2/2023 8:54:40 AM |
| **Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | | |
| Frederic Esrailian<br>frederic.esrailian@grifols.com<br>DEPUTY GENERAL COUNSEL<br>Grifols Shared Srv.NA Inc<br>Security Level: Email, Account Authentication (Required), Login with SSO | DocuSigned by:<br>*Frederic Esrailian*<br>8E06E2C9558544D...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 24.205.77.107<br>Signed using mobile | Sent: 2/2/2023 8:54:42 AM<br>Viewed: 2/2/2023 1:46:07 PM<br>Signed: 2/2/2023 1:46:22 PM |
| **Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| NA Record Management<br>NA-record.management@grifols.com<br>Management<br>NA Record<br>Security Level: Email, Account Authentication (Required) | **COPIED** | Sent: 2/2/2023 1:46:24 PM |
| **Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | | |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | Hashed/Encrypted | 2/2/2023 8:53:22 AM |
| Certified Delivered | Security Checked | 2/2/2023 1:46:07 PM |
| Signing Complete | Security Checked | 2/2/2023 1:46:22 PM |
| Completed | Security Checked | 2/2/2023 1:46:24 PM |

| Payment Events | Status | Timestamps |
| --- | --- | --- |