UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN R. VAUGHAN, JASON DARNELL, FEBBIE MINNIEFIELD, and ADRIEL VEGA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BIOMAT USA, INC., TALECRIS PLASMA RESOURCES, INC., and INTERSTATE BLOOD BANK, INC., <br><br> Defendants. | No. 20-cv-04241 <br><br> Judge Marvin E. Aspen |

**ORDER GRANTING PRELIMINARY APPROVAL OF THE PARTIES' CLASS ACTION SETTLEMENT**

This matter comes before the Court on the Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement of the case captioned *Vaughan et al. v. Biomat USA, Inc. et al.*, in the United States District Court for the Northern District of Illinois, Case No. 20-cv-04241 (the "Action"). Having considered the Parties' Stipulation of Class Action Settlement (the "Agreement," found at Dkt. No. 100-1), Plaintiffs' Unopposed Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement (Dkt. No. 100) and exhibits, Plaintiffs' Response to the Court's February 27, 2023 Order (Dkt. No. 103) and exhibits, and the arguments of counsel, the Court hereby finds and orders as follows:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

1

3.      Scope of Settlement. The Agreement resolves (i) all claims alleged in the Complaint filed in the Circuit Court of Cook County, Illinois on June 10, 2020, and removed to the United States District Court for the Northern District of Illinois on July 17, 2020 (see Dkt. Nos. 1, 1-1), (ii) all amended complaints subsequently filed in this Action and the claims asserted therein (see Dkt. Nos. 33, 72), and (iii) certain other claims, whether potential or actual, that were brought by, or may be brought by Releasing Parties against the Released Parties.

4.      Preliminary Approval of Agreement and Proposed Settlement. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the form of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration, the notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement and Agreement.

5.      Class Certification for Settlement Purposes Only. The Court finds that the Settlement Class meets the requirements of Federal Rule of Civil Procedure Rule 23(a) and (b)(3) and certifies, for purposes of this Settlement only, the following Settlement Class:

> All individuals who had their Biometric Identifiers and/or Biometric Information collected, captured, stored, possessed, received, transmitted, converted or otherwise obtained by either (i) Biomat USA, Inc. or Talecris Plasma Resources, Inc. at one of their plasma donation centers in Illinois as part of their plasma donation processes between June 10, 2015 and June 10, 2022, or (ii) Interstate Blood Bank, Inc. at its plasma donation center in Illinois as part of its plasma donation process between April 8, 2016 and July 25, 2022; and whose name appears on the Class List.

Defendants retain all rights to object to the propriety of class certification in this Action in all other contexts and for all other purposes should the Settlement not be finally approved. If the Settlement is not finally approved and this Action resumes, this Court's preliminary findings regarding the propriety of class certification shall be of no further force or effect.

6. <u>Class Representative</u>. The Court appoints Plaintiffs Brian Vaughan, Jason Darnell, Febbie Minniefield, and Adriel Vega to act as the representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. <u>Class Counsel</u>. The Court appoints attorneys David Fish and Mara Baltabols of Fish Potter Bolaños, P.C. as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Final Approval Hearing.</u> At **August 24, 2023 at 10:30 a.m.** in Courtroom 2568 in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and enhancement award to Plaintiffs, should be granted, and in what amount.

9. <u>Fee Petition</u>. No less than 7 days before the Final Approval Hearing, Plaintiffs must file their unopposed papers in support of Class Counsel's application for attorneys' fees and expenses and the enhancement award to the Plaintiffs.

10. <u>Motion for Final Approval Hearing and Response to Objections</u>. No closer than 7 days before the Final Approval Hearing, all papers in support of final approval of the Settlement and Agreement and responses to any written objections must be filed.

11. <u>Settlement Claims Administrator</u>. The Court appoints Analytics Consulting, LLC ("Analytics") as the Settlement Administrator. Analytics shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order, including complying with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

12. <u>Class Notice</u>. The Court approves the proposed plan for giving notice to the Settlement Class directly as described in Plaintiffs' Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and constitutes the best notice practicable under the circumstances. Defendants shall provide the Class List to the Settlement Administrator no later than 14 days from the date of this Order in accordance with the Agreement. The Court directs the Settlement Administrator to provide Class Notice to the Settlement Class in accordance with the Agreement no later than 28 days after the date of this Order (the "Notice Deadline").

13. <u>Objection/Exclusion Deadline</u>. Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so no later than forty-five (45) calendar days after the date that Notice is disseminated to the Settlement Class. Persons in the Settlement Class may not both object and opt-out. If a person both requests to opt-out and objects, the request to opt-out will control.

14. <u>Exclusion from the Settlement Class</u>. To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Objection/Exclusion Deadline. Exclusion requests must (a) be in writing; (b) identify the case name *Vaughan et al. v. Biomat USA, Inc.*, No. 20-cv-04241 (N.D. Ill.); (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed

by the person seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Vaughan et al. v. Biomat USA, Inc.*, No. 20-cv-04241 (N.D. Ill.)." No request for exclusion will be valid unless all of the foregoing information is included.

15. The Settlement Administrator shall receive requests for exclusion from persons in the Settlement Class and provide to Class Counsel and Defendants' Counsel a copy thereof within five (5) business days of the Objection/Exclusion Deadline.

16. If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

17. All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

18. Objections to the Settlement. To object to the Settlement, Settlement Class Members must file a letter or brief with the Court, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address, (b) a statement that the objector is a member of the Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the Settlement Class Member desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at

the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). The Court will not consider an objection unless the objection includes all of the foregoing information.

19. Any Settlement Class Member who fails to timely file a written objection and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of the Agreement and as detailed in the Notice shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action in any other action or proceeding.

20. Claims Deadline. The deadline to file a Claim Form to participate in the settlement is 120 days following the date that notice is sent by the Settlement Administrator.

21. Stay of Other Proceedings. Pending the final determination of whether the Settlement and Agreement should be approved, all pre-trial proceedings and briefing schedules in the Action will remain stayed.

22. No Admission of Liability. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Biomat USA, Inc., Talecris Plasma Resources, Inc., Interstate Blood Bank, Inc. or any of their past, present, and future owners, affiliates or parents (including but not limited to Biomat Holdco, LLC, Biomat Newco Corp., Grifols Shared Services North America, Inc., Grifols, S.A., and Instituto Grifols, S.A) or the truth of any of the claims asserted. Evidence relating to the Agreement will not be discoverable or

used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

23. **Reasonable Procedures to Effectuate the Settlement**. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

It is so ordered.

Dated this 9th day of March, 2023.

_____
Marvin E. Aspen
United States District Judge