**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| BRIAN VAUGHAN, JASON DARNELL, FEBBIE MINNIEFIELD, and ADRIEL VEGA, individually and behalf of all others similarly situated, | Case No. 20 CV 4241 |
| Plaintiffs, | Judge Marvin E. Aspen |
| v. | |
| BIOMAT USA, INC., TALECRIS PLASMA RESOURCES, INC., and INTERSTATE BLOOD BANK, INC., | |
| Defendants. | |

**ORDER GRANTING FINAL APPROVAL
OF THE PARTIES' CLASS ACTION SETTLEMENT**

This matter having come before the Court on Plaintiffs' Motion and Memorandum in Support of Final Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiffs BRIAN VAUGHAN, JASON DARNELL, FEBBIE MINNIEFIELD, and ADRIEL VEGA ("Plaintiffs"), and BIOMAT USA, INC., TALECRIS PLASMA RESOURCES, INC., and INTERSTATE BLOOD BANK, INC. ("Defendants") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiffs and Defendants (the "Settlement Agreement"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1

1.      Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2.      The Court-approved Notice of Class Action Settlement and Claim Form (together, "Notice") were distributed by the Settlement Administrator, Analytics Consulting, LLC, to Settlement Class Members by mail, text message, and a reminder text. The Settlement Administrator also established a publicly-available settlement website with important case documents, including the Notice, Settlement Agreement, and Preliminary Approval Order. The Notice and the methods of distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure and constitute the best notice practicable under the circumstances.

3.      The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and is supported by the Class Representatives and Class Counsel. The Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

4.      The Court has considered each of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), as well as the settlement approval factors set forth by the Seventh Circuit. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims.

The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

5.    The Court further acknowledges the Parties achieved an excellent claims rate of 32.84% as a result of the Notice program. *See In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 620 & 629 (N.D. Cal. 2021) (describing 22% claims rate in BIPA settlement with Facebook as "impressive" and "unprecedented").

6.    The Court grants final certification of the class that the Court previously certified for settlement purposes in its Preliminary Approval Order. The Class is defined collectively as the following:

> All individuals who had their Biometric Identifiers and/or Biometric Information collected, captured, stored, possessed, received, transmitted, converted or otherwise obtained by either (i) Biomat USA, Inc. or Talecris Plasma Resources, Inc. at one of their plasma donation centers in Illinois as part of their plasma donation processes between June 10, 2015 and June 10, 2022, or (ii) Interstate Blood Bank, Inc. at its plasma donation center in Illinois as part of their plasma donation process between April 8, 2016 and July 25, 2022; and whose name appears on the Class List.

Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (3) the legal representatives, successors or assigns of any such excluded persons.

7.    No Settlement Class Members submitted objections, and no Class Members requested to exclude themselves from the Settlement.

8.     On August 24, 2023, a Final Approval Hearing was held on the settlement. No objections to final approval of the settlement or notices of intent to appear were filed, and no one appeared at the hearing to object.

9.     The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representatives' and Settlement Class Members' claims weighed against the Defendants' defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Fund as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

10.     The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

4

11.     Other than as provided in the Settlement Agreement and this Order, the Parties shall bear their own costs and attorneys' fees.

12.     Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters this Final Approval Order and dismisses this matter on the merits and with prejudice and bars and permanently enjoins all Settlement Class Members from prosecuting any Released Claims against Defendants.

13.     Upon the Effective Date of the Settlement Agreement, Plaintiffs and each Settlement Class Member and their respective present or past heirs, executors, estates, administrators, assigns and agents, shall be deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released, all past and present claims or causes of action, whether known or unknown, filed or unfiled, asserted or as of yet unasserted, existing or contingent, whether legal, statutory, equitable, or of any other type or form, whether brought in an individual, representative or other capacity, of every nature and kind whatsoever, including, but not limited to, claims that were or could have been brought in the Action or in any other action filed (or to be filed) by any Plaintiff and/or any other Settlement Class Members against any of the Released Parties relating in any way to or connected with the alleged capture, collection, storage, possession, transmission, conversion, purchase, receipt through trade, obtaining, sale, lease, profiting from, disclosure, redisclosure, dissemination, transmittal, conversion and/or other use of (i) alleged or actual biometric identifiers and/or biometric information, as those terms are defined in the BIPA, and (ii) any other types of biometrics and biometric data, in connection with plasma donations at Defendants' Illinois facilities, including any violation

of the Biometric Information Privacy Act, and including, but not limited to, those claims asserted in this Action.

14. The Court awards $153,953.00 to the Settlement Administrator, Analytics Consulting, LLC, for its work administering the Settlement, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

15. The Court awards Settlement Class Counsel 1/3 of the Settlement Fund in attorney fees and $643.51 in litigation costs, which are payable from the Gross Settlement Fund as described in the Settlement Agreement. The Court finds that the attorneys' fee award here, which equates to 1/3 of the Settlement Fund, is in line with fee awards provided in similar BIPA cases in this District and is reasonable in light of both the substantial risk that Class Counsel took on in accepting the case and the excellent relief Class Counsel ultimately obtained for the Settlement Class.

16. The Court awards Settlement Class Representatives Brian Vaughan, Jason Darnell, Febbie Minniefield, and Adriel Vega $5,000.00 each as an Incentive Award, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

17. To the extent that a check issued to a Settlement Class Member is not cashed within one hundred fifty (150) days after the date of issuance or an electronic deposit is unable to be processed within one hundred fifty (150) days of the first attempt, such funds shall be distributed to the Northern Illinois Food Bank, as a *cy pres* recipient.

18. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction solely with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement.

It is so ordered.

Marvin E. Aspen
United States District Judge

Dated: September 19, 2023